IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NIKKI DEANN GRAHAM,<br><br>Defendant. | CR 18-71-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Nikki Deann Graham (Graham) has been accused of violating conditions of her supervised release. (Doc. 50). Graham admitted the alleged violations. Graham's supervised release should be revoked. Graham should be sentenced to custody for 14 months, with no period of supervised release to follow.

## II.   Status

Graham plead guilty on November 14, 2018, to the offense of Felon in Possession of Firearm, in violation of 18 U.S.C. Section 922 (g)(1) as charged in Count II of the Indictment. (Doc. 20).  Graham was sentenced to 36 months of custody followed by 3 years of supervised release. (Doc. 25).  Graham's current term of supervised release began on February 23, 2023.

**Petition**

On February 12, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Graham's supervised release. (Doc. 50). The Petition alleged Graham violated conditions of her supervised release by: (1) failing to follow her probation officer's instructions on how and when to report to her probation officer by failing to call the probation office as directed on January 24, 2024; (2) on January 24, 2024, allegedly committing another state crime, namely Escape, a felony, by purposely eluding official detention, leaving the Butte Pre-Release residential re-entry program without permission or authority to do so; and (3) failing to refrain from the unlawful use of a controlled substance by admitting on January 24, 2024 that she had used suboxone on multiple occasions.

**Initial Appearance**

Graham appeared before the Court on June 18, 2024.  Graham was represented by counsel.  Graham stated that she had read the Petition and that she understood the allegations against her.  Graham waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 18, 2024.  Graham admitted that she had violated the conditions of supervised release as set forth in the Petition by: (1) failing to follow her probation officer's instructions by failing

to call the probation office on January 24, 2024, as instructed to do so; and (3) failing to refrain from the unlawful use of a controlled substance by using suboxone on multiple occasions.  Graham exercised her 5th amendment right not to incriminate herself regarding alleged violation (2).  The Government moved to dismiss violation (2) and the Court granted this motion. The Court determined that violations (1) and (3) are serious and warrant revocation of Graham's supervised release.

### Sentencing hearing

Graham appeared before the Court on June 18, 2024.  Graham's violation is a Grade C violation.  Her criminal history category is VI.  Graham's underlying offense is a Class C felony.  Graham could be incarcerated for up to 24 months.  Graham could be ordered to remain on supervised release for 28 months less any custody time.  The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III.   Analysis

Graham and the Government agreed that Graham's supervised release should be revoked and that she should be sentenced to custody for 14 months, with no period of supervised release to follow.  The Court agrees that Graham's supervised should be revoked and determines that the agreed upon sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Graham that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Graham of her right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Graham that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Graham stated that she wished to waive her rights to object to these Findings and Recommendations and to allocute before Judge Morris.

The Court **FINDS**:

> That NIKKI DEANN GRAHAM, has violated the conditions of her supervised release by: (1) failing to follow her probation officer's instructions on how and when to report to her probation officer by failing to call the probation office as directed on January 24, 2024; and (3) failing to refrain from the unlawful use of a controlled substance by admitting on January 24, 2024 that she had used suboxone on multiple occasions.

The Court **RECOMMENDS:**

> That the District Court revoke Graham's supervised release and sentence Graham to custody for 14 months, with no period of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 20th day of June 2024.

_____
John Johnston
United States Magistrate Judge